**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JAMES HICKMAN HOLLOMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:06-CV-786-MHT |
| | ) | |
| RICHARD ALLEN, et al | ) | |
| | ) | |
| Respondents. | ) | |

**PETITIONER'S REPLY BRIEF**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petitioner can obtain relief only if he shows that the Alabama Court of Criminal Appeals' adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.: 28 U.S.C. § 2254(d)(1) and (2). See Williams v. Taylor, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); Brown v. Payton, 125 S.Ct. 1432 (2005); Miller-El v. Dretke, 125 S.Ct. 2317 (2005); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). "[A] state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005).

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* … clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an*

1

> *unreasonable application of* … clearly established Federal law, as determined by the Supreme Court of the United States." (Emphases added.)

Williams v. Taylor, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state-court determination is "contrary" to clearly established law in either of two ways:

> First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

Id. at 405. Likewise, a state-court determination can be an "unreasonable application" of clearly established law in two ways:

> First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id at 407; see Putman v. Head, 268 F.3d 1223 (11th Cir. 2001). Whether the application is "reasonable" turns not on subjective factors, but on whether it was "objectively unreasonable." The question is not whether the state court "correctly" decided the issue, but whether its determination was "reasonable," even if incorrect.

On Issue I, James Holloman alleged and proved the Alabama courts' decisions were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Moreover, James alleged and showed the denial of his claims in state court "resulted in a decision that was based on an

unreasonable determination of facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. Sections 2254 (d)(1) and 2254 (d)(2).

On Issue II, the State claimed that James was procedurally barred from raising his ineffective assistance of counsel claims. However, James is not procedurally barred under federal law from raising these claims.

### A. THE ALABAMA RULES FOR WHEN TO RAISE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS ARE NOT FIRMLY ESTABLISHED NOR REGULARLY FOLLOWED.

A state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon an "independent and adequate" state ground. Coleman v. Thompson, 111 S.Ct. 2546 (1991). Only rules "firmly established and regularly followed" qualify as adequate state grounds for precluding substantive review of federal claims. Ford v. Georgia, 111 S.Ct. 850, 857 (1991) and Cochran v. Herring, 43 F.3d 1404, 1408 (11th Cir. 1995). The Alabama courts did not firmly establish and regularly follow its rules on when to raise ineffective assistance of counsel claims.

In Ex Parte Jackson, 598 So.2d 895 (Ala. 1992), the Alabama Supreme Court held that the failure of appellate counsel to include a "reasonably ascertainable" issue in a motion to the trial court will bar further argument of the issue on appeal and in post-conviction proceedings. In Ex Parte Ingram, 675 So.2d 863 (Ala. 1996), the Court overruled Jackson and held that claims of ineffective assistance of counsel must be presented within the 30 day jurisdiction time limit set by Ala. R. Crim. P. Rule 24.1(b) or brought under a Ala. R. Crim. P. Rule 32 petition for post-conviction relief.

On June 18, 2003, James Holloman was sentenced. (C. 11-13,593). On July 8, 2003, trial counsel filed a motion for new trial. (C. 13,594-596). On July 21, 2003, the trial court denied the motion for new trial. (C. 13,597). On August 4, 2003, Mr. Holloman's trial counsel filed a motion to withdraw. (C. 603-04). On August 7, 2003, the trial court granted trial counsel's motion to withdraw and appointed Mr. Holloman appellate counsel. (C. 605). On September 3, 2003, Mr. Holloman's appellate counsel was allowed to withdraw and new appellate counsel was appointed. (C. 605-607). On September 23, 2003, the transcript was completed.

On James Holloman's direct appeal, he tried to raise several issues of ineffective assistance of trial counsel including (1) that counsel failed to develop a defense concerning the effects of medication; (2) that the trial counsel failed to effectively prepare to properly question witnesses at trial; and (3) that trial counsel was ineffective for failing to request certain jury instructions. However, the Alabama Court of Criminal Appeals held that, because Mr. Holloman did not present these claims to the trial court in a motion for new trial, they were not properly raised for the direct appeal.

James Holloman then filed a Rule 32 petition, and he raised the following claims as grounds for post-conviction relief:

1. The trial court was without jurisdiction to render judgment or to impose sentence because he was deprived of the right to be present during the giving of additional jury instructions;

2. He received ineffective assistance of trial and appellate counsel for failing to object to the trial court's giving of additional instructions;

3. The trial court was without jurisdiction because he was deprived of his right to be present and heard during a bench conference;

4. He received ineffective assistance of counsel because counsel did not consult with him about agreement on consolidation;

4

5. The trial court was without jurisdiction because the indictment failed to charge he acted intentionally;

6. He received ineffective assistance of counsel because counsel did not object to the trial court's instruction concerning an insanity defense and did not call Sherrie Holloman as a witness;

7. He was deprived of his right to testify and counsel coerced him into not testifying;

8. Trial counsel failed to develop a defense based upon the medication Holloman was taking; and

9. The cumulative effect of ineffective assistance of counsel prejudiced his defense.

The trial court granted the State's motion for summary disposition, citing as grounds that the claims raised in the appellant's petition were, or could have been raised on appeal. See Rule 32.2 (a) (4) and (5), Ala. R. Crim. P. On appeal, the Alabama Court of Criminal Appeals affirmed the trial court's procedural ruling, citing Rule 32.2, Ala. R. Crim. P.

Under Alabama law, ineffective assistance of counsel claims cannot be presented on direct appeal where they were not first presented to the trial court. Montgomery v. State, 781 So.2d 1007 (Ala.Cr.App. 2000). Thus, "an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala.R.Crim.P., expires, in order for that claim to be properly preserved for review upon direct appeal.'" Id at 1010, quoting Ex parte Ingram, 675 So.2d 863, 865 (Ala. 1996). James did not raise the ineffective assistance of counsel claim in his motion for new trial; therefore, this claim was not properly part of James' direct appeal.

However, James Holloman's ineffective assistance of trial counsel claims were cognizable in his Rule 32 petition because his appellate counsel did not have benefit of a completed record in time to discover ineffective trial counsel claims and include them in a motion for new trial. See <u>Ex parte Ingram</u>, 675 So.2d. 863 (Ala. 1996); Rule 24.1, Ala.R.Crim.P.; <u>V. R. v. State</u>, 852 So.2d 194 (Ala.Cr.App. 2002); <u>Ex parte E.D.</u>, 777 So.2d 113, 115 (Ala. 2000); and <u>Woods v. State</u>, CR-04-2137, at p. 6 (Ala.Cr.App. 2006).

Moreover, it should be noted that James Holloman's trial counsel filed the motion for new trial that was denied. Where a petitioner had the same attorney at trial and on appeal, an ineffective assistance of counsel allegation cannot be precluded on the grounds that it could have been but was not raised at trial or appeal because counsel could not be expected to allege on appeal his own ineffectiveness. <u>Nelson v. State</u>, 649 So.2d 1299 (Ala.Cr.App. 1994). By the same token, trial counsels could not be expected to allege in the motion for new trial their own ineffectiveness in Mr. Holloman's case. See also <u>Massaro v. United States</u>, 123 S.Ct. 1690 (2003) where the Supreme Court held that ineffective assistance of counsel claims should usually be addressed in post conviction proceedings because the evidence introduced at trial are devoted to guilt or innocence issues, and the resulting record usually will not disclose the facts necessary to decide either prong of the <u>Strickland</u> analysis. Hence, James Holloman's ineffective assistance of counsel claims were not procedurally barred because the Alabama courts did not firmly establish and regularly follow its rules on when to raise ineffective assistance of counsel claims.

**B. THE ALABAMA COURTS' RELIANCE ON RULES 32.2, 32.2(a)(4) and (5) OF A.R.CRIM.P. ARE NOT ADEQUATE**

6

### GROUNDS FOR THE APPLICATION OF PROCEDURAL DEFAULT IN THIS CASE.

Whether the purported state-law ground for applying a procedural default is adequate to do so is a question of federal, not state, law. Lee v. Kemna, 122 S.Ct. 877 (2002) ("There are…, exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question.").

As this reply and the record shows, James Holloman's trial counsels filed the motion for new trial, and his trial counsels could not be expected to allege in the motion for new trial their own ineffectiveness in Mr. Holloman's case. In addition, the transcript was not completed until September 23, 2003. Finally, Mr. Holloman's appellate counsel did not have benefit of a completed record in time to discover ineffective trial counsel claims and include them in the motion for new trial. Therefore, James Holloman's ineffective assistance of trial counsel claims were cognizable in his Rule 32 petition, and the Alabama courts' reliance on Rules 32.2, 32.2 (a)(4) and (5) are not "adequate" grounds for an application of the doctrine of procedural default to this claim.

In addition, James Holloman's direct appeal and then his timely filed and well pled Rule 32 petition sufficiently informed the state courts of the nature of the claimed constitutional deprivations so that they were given the chance to correct the alleged defect. As the Supreme Court stated in Osborne v. Ohio, 495 U.S. 103, 125 (1990), and reiterated recently in Lee v. Kemna, "[T]he general principle that an objection which is ample and timely to bring the alleged federal error to the attention of the trial court and enable it to take appropriate corrective action is sufficient to serve legitimate state interests, and therefore sufficient to preserve the claim for review here." Douglas v.

Alabama, 380 U.S. 415, 422 (1965). No legitimate state interests are served by refusing to consider this claim, when it was so clearly brought to the attention of the state courts. Therefore, in James' case, the Alabama courts' reliance on rules 32.2, 32.2(a)(4) and (5) of A.R.Crim.P. are not adequate grounds for the application of procedural default in this case.

### C. IN THE ALTERNATIVE, IF JAMES IS PROCEDURALLY DEFAULTED, HE CAN OBTAIN FEDERAL REVIEW BY SHOWING CAUSE AND PREJUDICE RESULTING FROM THE DEFAULT.

A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Murray v. Carrier, 477 U.S. 478, 488 (1986) and Wainwright v. Sykes, 97 S.Ct. 2497 (1977). "Cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. at 485. Unavailability to counsel of the legal or factual basis of a claim, Reed v. Ross, 468 U.S. 1, 16 (1984), or interference by officials which makes compliance impracticable, Brown v. Allen, 344 U.S. 443, 486 (1953), are two examples of what would constitute cause under this standard. Carrier, 106 S.Ct. at 2646.

Although the Court has not made "a comprehensive catalog of the circumstances that would justify a finding of cause," Smith v. Murray, 477 U.S. 527, 534 (1986), there are certain circumstances which courts have consistently found to excuse a failure to raise a claim sooner. One of these is the unavailability of the critical facts. See, e.g., Murray v. Carrier, 477 U.S. at 488 (failure excused where factual basis for claim not reasonably available); Perkins v. LeCureux, 58 F.3d 214, 218 (6th Cir. 1995) (cause established

where factual basis for claim did not become apparent until later in process); James v. Cain, 56 F.3d 662, 665-66 (5th Cir. 1995) (same); Porter v. Singletary, 49 F.3d 1483, 1489 (11th Cir. 1995 (explaining how counsel lacked factual predicate for claim of judicial bias); Carnine v. United States, 974 F.2d 924, 927-28 (7th Cir. 1992) (cause found where constitutional violation not uncovered until subsequent proceeding); Gayle v. Mann, 966 F.2d 81, 84 (2d Cir. 1992) (cause found where claim rested on information petitioner could not reasonably have found before); see also Amadeo v. Zant, 486 U.S. 214, 222 (1988) (in finding cause, Court contrasts facts not reasonably discoverable by counsel with counsel's tactical decisions).

With regard to the prejudice prong of the required showing, the Supreme Court again has not provided a precise definition. See, e.g., Untied States v. Frady, 456 U.S. 152, 170 (1982) (stating only that petitioner must show that error complained of has worked to his "actual and substantial disadvantage"). In James Holloman's case, he is claiming that he received ineffective assistance of trial counsel; in this context, the prejudice prong would be for Mr. Holloman to show that a "reasonable probability" exists that, but for the error by counsel, the proceedings would have been different. The "reasonable probability" standard of Strickland is met as long as the error by counsel "undermines confidence" in the outcome of the proceeding. Strickland v. Washington, 104 S.Ct. 2052 (1984) ("a reasonable probability is a probability sufficient to undermine confidence in the outcome").

As this brief and the record shows, under the particular facts of this case, James Holloman could not have filed his ineffective trial counsel claims until his Rule 32 post-

conviction. Therefore, Mr. Holloman has shown "cause" to excuse any procedural bar. In addition, Mr. Holloman has also shown prejudice.

At the pleading stage of a Rule 32 petition, the petitioner does not have the burden of proving his claims by a preponderance of the evidence. Borden v. State, 891 So.2d 393, 396 (Ala.Cr.App. 2002). The petitioner is required only to provide a clear and specific statement of the grounds upon which relief is sought:

> "Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to rule 32.7(d), Ala.R.Crim.P., he is entitled to an opportunity to present evidence in order to satisfy his burden of proof."

Id. An examination of the record, including James Holloman's federal habeas and his Rule 32 petition, shows that he provided clear and specific statement of the grounds upon which relief was sought under his ineffective assistance of trial counsel claims. Therefore, Mr. Holloman is entitled to conduct discovery in this case because he was never allowed to do so in support of his Rule 32 petition and then he is entitled to an opportunity to present evidence before this Court in order to satisfy his burden of proof.

## PRAYER FOR RELIEF

James Holloman respectfully asks this Honorable Court to grant him the following relief:

Grant petitioner discovery under Rule 6 of the Rules Governing Habeas Corpus Cases and a sufficient period of time to conduct discovery, and further grant petitioner authority to obtain subpoenas to further document and prove the facts set forth in this petition.

Grant petitioner an evidentiary hearing at which additional proof may be offered supporting the allegations set forth in this petition.

Permit petitioner after further factual development an opportunity to brief and argue the issues presented in this petition.

Issue a writ of habeas corpus granting James Holloman relief from his unconstitutionally obtained conviction and sentence.

Grant such further and other relief as may be appropriate.

RESPECTFULLY SUBMITTED,

s\ Stephen A. Strickland
Stephen A. Strickland  (ASB – 2252-I705)
E-mail:  Stephen@rjaffelaw.com

OF COUNSEL:
Jaffe, Strickland & Drennan, P.C.
The Alexander House
2320 Arlington Avenue
Birmingham, AL 35205
(205) 930-9800

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Troy King, Attorney General

Cecil G. Brendle, Jr., Assistant Attorney General

303 State House

11 South Union Street

Montgomery, AL  36130

s\Stephen A. Strickland